AMERICAN FRUIT MACHINERY CO. et al. v. ROBINSON MACH. CO. et al

(Circuit Court of Appeals, Third Circuit. December 6, 1911.)

No. 30 (1, 529).

PATENTS (§ 328*)—INFRINGEMENT—MACHINE FOR PEELING VEGETABLES.

The Robinson patent, No. 809,582, for a machine for peeling vegetables, claims 1, 2, and 3, have each, as an essential element, a rotary disk composed of a flat striated portion and a raised portion, and neither is infringed by a machine which lacks such element.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by the Robinson Machine Company and others against the American Fruit Machinery Company and others. Decree for complainants, and defendants appeal. Reversed.

Ernest Howard Hunter, for appellants.

Harold Steele Mackaye, for appellees.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. The patent in suit is No. 809,582 for an improvement in machines for peeling vegetables. The Circuit Court held it valid and infringed. Hence this appeal by the defendants.

The operative part of the machine consists of a containing vessel, into which potatoes or other vegetables may be placed, with a rotary disk in its bottom. As the disk rotates horizontally, it performs abrading, impelling, and turning functions. The abrading function is that by which the skin is removed from the potato or vegetable operated on; the abrasion being caused by the striated surface of the rotating disk. The impelling and turning functions are made possible by the unevenness of the surface of the striated disk; that is to say, by the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fact that certain sectors of the disk with flat surfaces alternate with other sectors having gradually rising surfaces, so that as the disk rotates the vegetables lying on it are impelled forward by the raised portions, and are at the same time turned over as they pass up and over the summits of the raised portions.

The patent has 14 claims. Infringement is alleged of the first 3 only. They are:

"1. In a device of the class described, an impelling and abrading member, comprising a rotary disk composed of a horizontal flat striated portion and a raised portion extending from near the circumference inward and having two sides sloping down to the flat striated portion of said disk, substantially as described.

"2. In a device of the class described, an impelling and abrading member, comprising a rotary disk composed of a number of horizontal flat striated portions separated by raised portions at intervals extending from near the circumference inward, substantially as described.

"3. In a device of the class described, an impelling and abrading member, comprising a rotary disk composed of a horizontal flat striated portion and a rounded raised portion rising gradually from near the center toward the circumference, substantially as described."

It will be observed that in each of these claims the impelling and abrading member mentioned is a rotary disk having one or more horizontal flat striated portions and one or more raised portions. Each of the claims is in express language so limited. We deal now, not with the full disclosure of the specification of the patent—to cover which 14 claims have been allowed—but with so much of that disclosure only as is covered by the 3 claims on which the complainants now rely. A horizontal flat striated portion is an essential element in each of these claims, and the defendants cannot be held as infringers unless their device has a rotary disk in which one of the elements is a "horizontal flat striated portion."

When this suit was begun the defendants were using a disk the whole of whose surface was striated. But it had no flat portions. Between its raised portions were concave, not flat, portions. A cross section of the defendants' disk on a line anywhere between the center and the circumference of the disk would show an undulating surface, while such a cross section of the device of the patent in suit would show flat portions alternating with raised rounded portions. The undulations of the surface of the defendants' disk run spirally from center to circumference; in the patent in suit the flat and raised portions run radially from center to circumference. There doubtless is a "variety of methods of striation," as the specifications of the patent declare, and as the Circuit Court in its opinion concedes. But we think it clear that none of the striated portions of the defendants' disk are either horizontal or flat, and we do not feel at liberty, by the application of the doctrine of equivalents, to read out of any one of these three claims what the inventor has in plain terms put into them.

Since the commencement of the suit, it seems that both the complainants and the defendants have abandoned the use of disks with file-like striated surfaces, and have substituted therefor disks with carborundum surfaces. The surfaces of the defendants' carborundum disks are still spiral in form and have no horizontal flat portions. Of

course, if we are correct in holding that the striated disk formerly used by the defendants was not an infringement of any of the claims now in suit, their carborundum disk does not infringe.

After careful consideration of the record, the arguments, and the briefs, we have concluded that the decree of the Circuit Court should be reversed, on the ground that no infringement is proven. This conclusion renders it unnecessary to pass on the question of the validity of the patent.

The decree is reversed, with costs.