AMERICAN FRUIT MACHINERY CO. v. ROBINSON.

(Circuit Court of Appeals, Third Circuit. December 28, 1914.)

No. 1866.

PATENTS ☞328—INVENTION—VEGETABLE PARING MACHINE.

The Robinson patent, No. 942,932, for a vegetable paring machine, in view of the prior art, is void for lack of invention.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit in equity by Henry Robinson against the American Fruit Machinery Company. Decree for complainant, and defendant appeals. Reversed.

For opinion below, see Robinson v. American Fruit Machinery Co., 216 Fed. 179.

E. H. Hunter, of Philadelphia, Pa., for appellant.
H. S. Mackaye, of New York City, for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the plaintiff, Henry Robinson, charged the American Fruit Machinery Company with infringing patent No. 942,932, granted to him December 14, 1909, for a vegetable paring machine. That court, in an opinion reported at 216 Fed. 179, held the patent valid and infringed. From a decree in accord therewith defendant appealed.

Prior to the patent in suit potato paring machines of high excellence had been patented by complainant and others. Some such machines were before this court in American Co. v. Robinson Co., 191 Fed. 723, 112 C. C. A. 313. Their construction and general mode of operation are there described. By reference to such opinion it will be seen that the part which peeled the potatoes mechanically was a revolving bottom

---

disk of peculiar formation, mounted on a rotating shaft rising through the bottom of a container. The peculiar form and function of the disk is not here involved, has nothing to do with the device of the patent in suit, and therefore need not be here described. The action of a paring machine generally is thus described in Robinson's specification:

"The vegetables being charged into the container and onto the rotating bottom, and the latter set in rotation, the vegetables are given a violent motion, tossing against the side walls of the container and dropping down onto the bottom, until by a constant and rapid succession of small abraising action the peel is removed."

As this rapid rotary motion was kept up, and additional potatoes were thrown continuously against the sides of the container, the potatoes rose against the sides of such vessel until they fell away from its wall, dropped down on the revolving bottom, and were again forced by its revolution against the container wall. In this state of the art, which, it will be observed, effectively and mechanically peeled potatoes and other vegetables, Robinson conceived the idea of fastening a lug or wing to the side of the container wall to force the potatoes to fall back on the revolving bottom sooner than they would otherwise do.

Stripped of the elaborate verbiage so often resorted to in patent specifications to impart inventive character to a simple device, we may say the alleged inventive act consisted in fastening a scoop-shaped lug to the side of the container to scoop or force the potatoes inward. When it is borne in mind that effective potato paring machines already existed, that this lug had no part in the mechanical peeling of the potato, that it was a mere means of speeding the work of the machine, and differed in no functional respect from inserting one's hands and pushing over the potatoes, it will be apparent that to confer on such a device the reward of a 17-year monopoly is a misapplication of the patent system.

So viewing this palpable mechanical expedient, we are of opinion the claim in question is invalid, and the case should be remanded, with instructions to dismiss the bill.