Graham, Judge,
delivered the opinion of the court:
This is a suit to recover damages for infringement of the plaintiff’s patents by the defendant. The claim is based upon the purchase and use of machines which infringed these *495 patents. There are two questions for present purposes to be passed upon, viz, the validity of the patents, and the infringement thereof by the defendant by purchase and use.
Under the practice of this court the question of the amount of damages was postponed, no evidence to be taken thereon until these two question^ have been disposed of; that is to say, if the court should decide the two questions in the affirmative, the case would proceed to the taking of evidence on the question of the amount of damages. The facts are fully set out in the findings, and it does not seem necessary to review them at length here. Briefly stated they are as follows:
Henry Bobinson originated and put into commercial use a machine for peeling vegetables in bulle and obtained a patent therefor on January 9,1906, being Patent No. 809582. This has been judicially determined to be a “ pioneer patent.”
On December 14,1909, Bobinson obtained a further patent for improvements in the machine for peeling vegetables, and Letters Patent No. 942932 were issued.
On January 16, 1906, Bobinson transferred and assigned his interest in Patent No. 809582 to the Bobinson Machine Oo., which on December 28, 1906, assigned it to the Imperial Machine Co., a corporation, and on September 27, 1917, the latter sold its entire business and assets and assigned its interest in the said Patent 809582 and in all of its patents to the plaintiff, said latter assignment containing a provision giving the assignee “ the right to sue for and recover damages and profits in its own name for any and all past infringements of said letters patent.”
Patent No. 809582 consists of a cylinder with a rotary disk at the bottom. This disk has an abrading surface with one or more rounded humps or raised portions which slope from the rim or circumference toward the inner or main portion. The essence of the patent is in the rounded, sloping humps which extend from the rim toward the center of the disk. The process of peeling potatoes and other vegetables is the agitation and circulation of them so as to bring each potato into contact with the abrading surface for a proper length of time to completely peel it, and these sloping humps *496 produce the necessary agitation and circulation of the mass of vegetables so that all are brought into contact with the abrading disk. The rounded, sloping humps extending from the rim toward the center of the disk and the agitation and circulation of the vegetables so that each vegetable comes into contact with the abrading surface for the proper length of time to completely peel them are the soul of Eobinson’s basic invention.
Eobinson’s second patent, No. 942932, for improvements upon the vegetable-peeling machine, is an abrading disk having an upstanding lip or shoulder at the periphery to form scoop-shaped humps or waves with the raised portion of the disk. This represents a distinct improvement on Eobinson’s basic patent. It uses the essential features of the first patent and provides a new means for reducing waste in the operation of the machine. The upturned lip or edge of the outer periphery of the disk and the forming of scoop-shaped humps on the outer periphery of the raised portions impart another motion to the agitation of the vegetables and prevent the smaller vegetables from being crowded into the corner of the right angle that is formed by the outer edge of the disk and the sides of the cylinder; that is, it substitutes for an acute angle a curved surface and a scoop is formed at the junction with the sloping humps, thus increasing the agitation and circulation of the mass and preventing small vegetables from being ground to pieces at the periphery.
There are four companion suits to the one before us, being as follows: Nos. C-321, C-349, C-350, and 34453. In two of them, Nos. C-321 and C-350, the Imperial Machine Company is the plaintiff; the other two, Nos. C-349 and 34453, are brought by the plaintiff here. The first two are to recover damages for infringement by use prior to the assignment of the Imperial Machine Co. to the plaintiff, on September 27, 1917. What is said in this case as to the validity of the two patents will apply to all five of the cases, leaving only the question in each of the other cases, whether there was infringement by purchase and use of the machines by the defendant.
Nos. C-320, C-321, and 34453 involve only the question of the first patent and its infringement. Nos. C-349 and C-850, covering the sale of what was known as the “ Sim- *497 Peel-0 ” machine by the Albert Pick & Co., involve both of the patents. As the court has found in these two last cases that there was no proof of purchase or use by the defendant of the plaintiff’s machine, it is unnecessary to discuss the question of the validity and infringement of the second patent, although this patent seems to have been fully sustained in suits against the Maxim Manufacturing Co., manufacturers of the “ Sim-Peel-0 ” disk, by Judge Landis in the District Court of the United States for the Southern District of Illinois, Eastern Division, on February 27, 1922, and his decision was affirmed by the Circuit Court of Appeals for the Seventh Circuit in an opinion by Judge Page. Maxim Manufacturing Co. v. Imperial Machine Co., 286 Fed. 79, 82. In this latter case the validity of both patents, particularly No. 809582, is considered. The court said:
“ The Robinson patents, belonging to plaintiffs, have been many times before the courts, and the cited prior art patents hereinbefore referred to, and many others, have been often considered and generally rejected. The Robinson patent, No. 809582, was held to be a pioneer patent by Judge McPherson (note to 212 Fed. 959). That case was reversed by the Court of Appeals (Am. Fruit Machinery Co. et al. v. Robinson Machine Co., 191 Fed. 728, 112 C. C. A. 313) solely on the construction of the word ‘ flat.’ Defendant’s disk there was a spiral one. Judge Mayer also held No. 809582 to be a pioneer patent. Imperial Machine Co. v. Rees (D. C.), 261 Fed. 612; Imperial Machine Co. v. Am. Machinery Co. (D. C.), 276 Fed. 436. At page 419, 262 Fed., is a list of cases where Patent No. 809582 has been held valid and infringed. We note that, while reliance is placed on anticipation in the prior art to defeat plaintiffs’ patent, yet that defendant has departed so far from the disk forms of the prior art- patents that its disk has now become almost a Chinese copy of plaintiffs’ disk.”
This view of the effect of the decisions cited is fully justified. This disposes of the question of the validity of Patent No. 809582 as affecting the three above-named cases, C-320, C-321, and 34453. Consideration will now be given to the question of infringement by use in the instant case.
The owners of these patents have found it necessary to litigate and relitigate their rights in the courts, and the plaintiff and its predecessors from the year 1906 to the fall *498 of 1923 prepared and sent circulars to persons, firms, and corporations, makers of the “ American ” machine, hereinafter referred to, warning them not to infringe the plaintiff’s patent or to buy or use infringing apparatus, and also verbally and in writing repeatedly and continuously during this period informed the purchasing officers of the various bureaus and independent agencies of the United States Government of the plaintiff’s rights under said patents. In this case the defendant, it is claimed, purchased infringing machines from the American Machinery Co. The latter company in the case of Imperial Machine & Foundry Corporation v. American Machinery Co., 276 Fed. 436, was held to be an infringer of the plaintiff’s patents by the manufacture and sale of the machines, some of which were sold to, purchased, and used by the defendant. Suits were brought by the plaintiff and its predecessors for injunctions and accounting against the manufacturers, sellers, and users, other than the defendant, of the “American ” machines and decrees were obtained sustaining the validity of Letters Patent No. 809582 and holding the disks of the “American ” machines to be an infringement thereof and awarding profits and damages. Plaintiff and its predecessors have never been able to recover any damages or profits from said manufacturers, owing apparently to their insolvency.
The court has found that since the year 1916 the defendant has bought for its use and has received from manufacturers or sellers and used some of the “American ” machines which contain the said infringing abradant disk. This is as far as it is contemplated the case should proceed in its present stage. We hold that the patents involved here are valid, that as to this case they have been infringed, and that the machines manufactured and sold by the American Machine Co. and purchased at various times and used by the defendant were infringing machines upon the rights of the plaintiff, for which the latter is entitled to recover such damages as he may be able hereafter to prove, and the case is remanded for the taking of testimony upon the question only of the amount of damages.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.